**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22090-BLOOM**

ABREU ROIG ANGEL,

      Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

      Respondents.

_____/

## <u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court upon Petitioner Abreu Roig's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Krome Service Processing Center in Miami, Florida, *id.* ¶¶ 2, 5, and seeks release from custody or a bond hearing before an immigration judge, *id.* ¶ 15. Respondents respond that the Petition must be dismissed because, *inter alia*, Petitioner is detained under 8 U.S.C. § 1231(a)(6) and Petitioner has not shown post-removal-order detention in excess of six months under *Zadvydas*. ECF No. [9] at 5. Petitioner did not reply. The Court has reviewed the Petition, Response, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Court agrees with Respondents that the Petition must be dismissed as premature.

## I.    FACTUAL BACKGROUND

On March 27, 2026, Petitioner filed this Petition for a Writ of Habeas Corpus. ECF No. [1]. Petitioner is a native and citizen of Cuba. ECF No. [9-1] at 1. On March 8, 1983, Petitioner was arrested and charged with trafficking in more than 100 pounds of marijuana. *Id*. On January

30, 1990, the Immigration and Naturalization Service ("INS"), denied Petitioner's application for adjustment of status due to his criminal convictions. *Id*. at 5. Petitioner departed the United States and reentered on December 7, 1997. ECF No. [9-2]. On that same date, Petitioner was issued a Notice to Appear ("NTA"), charging him as removable from the United States under § 212 of the Immigration and Nationality Act ("INA"). ECF No. [9-3].

On January 8, 1999, an immigration judge in Miami, Florida, ordered Petitioner removed to Cuba. ECF No. [9-4] at 2. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), but it was dismissed on June 25, 2002. ECF No. [9-5]. Petitioner did not depart the United States at that time. ECF No. [9-6] ¶ 9.

On February 5, 2003, Petitioner was convicted in the United States District Court for the Southern District of Florida, of conspiracy to possess with intent to distribute five or more kilograms of cocaine and was sentenced to 292 months' confinement in federal prison. ECF No. [9-7] at 3. On February 22, 2016, Petitioner was placed under an order of supervision by Enforcement and Removal Operations ("ERO"). ECF No. [9-8] at 2. On May 15, 2023, Petitioner was convicted in Miami-Dade County, Florida, of trafficking in cocaine and was sentenced to five years' confinement in state prison. ECF No. [9-7] at 3. On September 26, 2025, ERO lodged an Immigration Detainer with Florida Department of Corrections. *Id*. at 2. On February 13, 2026, Petitioner was taken into ERO custody. ECF No. [9-6] ¶ 14. On March 23, 2026, Petitioner was served with a Notice of Revocation of Release. ECF No. [9-9] at 2.

Petitioner now brings this action challenging the constitutionality of his detention and seeking release from custody or an individualized bond hearing before an immigration judge. ECF No. [1] ¶¶ 13, 15.

**II.     LEGAL STANDARD**

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    DISCUSSION**

Petitioner moves for habeas relief and argues that his detention is unlawful under the U.S. Supreme Court's decision in *Zadvydas*. ECF No. [1] ¶ 13. But Petitioner challenges a post-removal detention order, which calls for a specific period of detention before seeking relief under established principles of this Circuit. For the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699–701. But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id*.

As an initial matter, Petitioner was ordered removed in January 1999. ECF No. [9-4] at 2.

3

Petitioner appealed this decision to the BIA, but it was dismissed on June 25, 2002, ECF No. [9-5], rendering the removal order final. *See Rodas-Sebastian v. U.S. Atty. Gen.*, 217 F. App'x 853, 854 (11th Cir. 2007) ("An order of removal becomes final upon the dismissal of an appeal by the BIA." (citing 8 C.F.R. § 1241.1(a))). Because Petitioner is subject to a final order of removal, he is detained pursuant to 8 U.S.C. § 1231(a) and is not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (noncitizens subject to removal under § 1231 are "not entitled to bond hearings"); *see also Shaikh v. Meade*, No. 21-cv-23752, 2022 WL 84420, at *5 (S.D. Fla. Mar. 22, 2022) ("Given the unambiguous language of the Supreme Court's most recent holding [in *Guzman*] that noncitizens detained for removal under § 1231 are not entitled to a bond hearing, the Court determines that Petitioner is not entitled to a bond hearing.").

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner was ordered removed in January 1999, so this challenge is governed by *Zadvydas*. *See* ECF No. [9-4] at 2. According to Petitioner, he was taken into immigration custody on February 7, 2026, ECF No. [1] ¶ 11(a), and the instant Petition was filed on March 27, 2026. As such, his detention falls far short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Petitioner's request is premature. *See Flores-Reyes*, 2026 WL

4

406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED** as premature.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 30, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Abreu Roig Angel, *Pro Se*
A# 023-583-721
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

5